J-S77021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JUBAN L. DURHAM, | |
| Appellant | No. 391 MDA 2016 |

Appeal from the PCRA Order of January 27, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002221-2012

BEFORE:  PANELLA, OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J:                   **FILED DECEMBER 13, 2016**

Appellant, Juban L. Durham, appeals *pro se* from the order entered on January 27, 2016, which dismissed his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On July 9, 2013, Appellant pleaded guilty at docket number CP-22-CR-0002221-2012, to possession of a controlled substance with intent to deliver ("PWID") and possession of drug paraphernalia.[1]  That day, the trial court sentenced Appellant to serve a term of four to ten years in prison for his PWID conviction.  Appellant did not file a notice of appeal from his judgment of sentence.

_____

[1] 35 P.S. § 780-113(a)(30) and (32), respectively.

*Retired Senior Judge assigned to the Superior Court.

On April 22, 2015 – or, almost two years after Appellant was sentenced – Appellant filed a *pro se* PCRA petition. Within this petition, Appellant claimed that his sentence was illegal, as he was sentenced under a mandatory minimum sentencing statute that was rendered unconstitutional by ***Alleyne v. United States***, ___ U.S. ___, 133 S.Ct. 2151 (2013).[2]

_____

[2] Appellant claimed that he was sentenced under 18 Pa.C.S.A. § 7508(a)(3)(ii), which states in relevant part:

> A person who is convicted of violating section [35 P.S. § 780-113(a)(30)] . . . where the controlled substance is coca leaves . . . shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:
>
> . . .
>
> (ii) when the aggregate weight of the compound or mixture containing the substance involved is at least ten grams and less than 100 grams; three years in prison and a fine of $15,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity. . . .

18 Pa.C.S.A. § 7508(a)(3)(ii).

There is no evidence that the Commonwealth provided Appellant with pre-sentencing notice that it intended to proceed under the mandatory minimum sentencing statute. ***See*** 18 Pa.C.S.A. § 7508(b). Further, during sentencing, the Commonwealth explicitly declared that it was "waiving any mandatories" and the trial court never stated that it was imposing a mandatory minimum sentence. N.T. Sentencing Hearing, 7/9/13, at 4-5. Nevertheless, Appellant's Sentencing Guideline Form states that Appellant received a mandatory minimum sentence under 18 Pa.C.S.A. § 7508(a)(3)(ii). ***See*** Sentencing Guideline Form at 1.

Since this was Appellant's first PCRA petition, the PCRA court appointed counsel to represent Appellant. However, on August 31, 2015, appointed counsel filed a petition to withdraw pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Appointed counsel argued that Appellant's PCRA petition lacked arguable merit, as it was untimely and no exception to the PCRA's one-year time-bar applied. ***See*** Petition to Withdraw, 8/31/15, at 1-2.

On November 23, 2015, the PCRA court granted counsel's petition to withdraw and provided Appellant with notice that it intended to dismiss Appellant's PCRA petition in 20 days, without holding a hearing. On January 27, 2016, the PCRA court finally dismissed Appellant's PCRA petition and Appellant filed a timely notice of appeal. We now affirm the dismissal of Appellant's untimely PCRA petition.

"As a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." ***Commonwealth v. Eichinger***, 108 A.3d 821, 830 (Pa. 2014).

Before this Court can address the substance of Appellant's claim, we must determine if this petition is timely.

> [The PCRA requires] a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. A judgment of sentence becomes final at the conclusion of direct review . . . or at the expiration of time for seeking review.

- 3 -

. . .

> However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met. A petition invoking one of these exceptions must be filed within [60] days of the date the claim could first have been presented. In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the [60]-day timeframe.

***Commonwealth v. Lawson***, 90 A.3d 1, 4-5 (Pa. Super. 2014) (some internal citations omitted) (internal quotations omitted).

In the present case, the PCRA court found Appellant's petition to be untimely filed. Trial Court Order, 1/27/16, at 1. We agree.

Appellant's judgment of sentence became final on August 9, 2013, which was 31 days after Appellant was sentenced in open court and the time for filing a notice of appeal to this Court expired. ***See*** Pa.R.A.P. 903(a); 42 Pa.C.S.A. § 9545(b)(3) ("A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States . . . , or at the expiration of time for seeking the review"). The PCRA explicitly requires that a petition be filed "within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). As such, Appellant was required to file his PCRA petition by August 9, 2014. Since Appellant did not file the current PCRA petition until April 22, 2015, Appellant's petition is patently untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the

one-year time-bar applied to his case. **See** 42 Pa.C.S.A. § 9545(b)(1);

***Commonwealth v. Perrin***, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to

properly invoke a statutory exception to the one-year time-bar, the PCRA

demands that the petitioner properly plead and prove all required elements

of the relied-upon exception).

Here, Appellant purports to invoke the "newly recognized constitutional

right" exception to the time-bar. This statutory exception provides:

> (1) Any petition under this subchapter, including a second
> or subsequent petition, shall be filed within one year of the
> date the judgment becomes final, unless the petition alleges
> and the petitioner proves that:
>
> . . .
>
> (iii) the right asserted is a constitutional right that was
> recognized by the Supreme Court of the United States or
> the Supreme Court of Pennsylvania after the time period
> provided in this section and has been held by that court
> to apply retroactively.
>
> . . .
>
> (2) Any petition invoking an exception provided in
> paragraph (1) shall be filed within 60 days of the date the
> claim could have been presented.

42 Pa.C.S.A. § 9545(b).

As our Supreme Court explained:

> Subsection (iii) of Section 9545(b)(1) has two requirements.
> First, it provides that the right asserted is a constitutional
> right that was recognized by the Supreme Court of the
> United States or the Supreme Court of Pennsylvania after
> the time provided in this section. Second, it provides that
> the right "has been held" by "that court" to apply
> retroactively. Thus, a petitioner must prove that there is a

> "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Commonwealth v. Copenhefer*, 941 A.2d 646, 649-650 (Pa. 2007), quoting *Commonwealth v. Abdul-Salaam*, 812 A.2d 497, 501 (Pa. 2002) (internal corrections omitted). Moreover, since the plain statutory language of section 9545 demands that the PCRA petition "allege" all elements of the statutory exception, it is clear that – to properly invoke the "newly recognized constitutional right" exception – the petitioner must plead each of the above-stated elements in the petition. 42 Pa.C.S.A. § 9545(b)(1).

Within Appellant's PCRA petition, Appellant claims that his sentence is illegal because he was sentenced to a mandatory minimum term of incarceration under 18 Pa.C.S.A. § 7508 and, in *Alleyne*, the United States Supreme Court effectively rendered Section 7508 unconstitutional.

This claim immediately fails, as Appellant did not raise his *Alleyne* claim "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). Rather, the first time Appellant raised his *Alleyne* claim was in his April 22, 2015 PCRA Petition – which was almost two years after the United States Supreme Court decided *Alleyne*.[3] Thus, Appellant

---

[3] The United States Supreme Court decided *Alleyne* on June 17, 2013.

failed to properly plead the newly-recognized constitutional right exception to the PCRA's one-year time-bar. *See Commonwealth v. Boyd*, 923 A.2d 513, 517 (Pa. Super. 2007) ("[w]ith regard to [the newly-]recognized constitutional right [exception], . . . the [60-]day period begins to run upon the date of the underlying judicial decision").

Since Appellant did not attempt to plead any other exception to the time-bar, we conclude that Appellant's petition is time-barred and that our "courts are without jurisdiction to offer [Appellant] any form of relief."[4] *Commonwealth v. Jackson*, 30 A.3d 516, 523 (Pa. Super. 2011). Therefore, we affirm the PCRA court's order dismissing Appellant's PCRA petition without a hearing.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/2016

---

[4] To the extent Appellant claims that his illegal sentencing claim is non-waivable, we note that, in *Commonwealth v. Fahy*, our Supreme Court held: "[a]lthough legality of sentence is always subject to review within the PCRA, **claims must still first satisfy the PCRA's time limits or one of the exceptions thereto**." *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (emphasis added).